

O8cv 656 JLS(BLM)

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re PACKAGED ICE Antitrust        )        MDL No. 1952
Litigation                          )
                                    )

**COBBLESTONE TEQUESTA LLC'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR CONSOLIDATION AND TRANSFER
PURSUANT TO 28 U.S.C. §1407**

## I.    INTRODUCTION

Cobblestone Tequesta LLC ("Movant" or "Plaintiff") submits this memorandum of law in support of its motion to: (a) transfer substantially similar pending class actions to the Southern District of California, and (b) consolidate those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. §1407(a).  The actions at issue satisfy the statutory prerequisites for transfer and consolidation as: (1) they "involv[e] one or more common questions of fact," being substantially similar actions filed within one month of each other in far-flung districts; (2) transfer and consolidation will further "the convenience of parties and witnesses"; and (3) transfer and consolidation "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial proceedings in what are likely to be highly complex and document-intensive actions, and so minimize waste and inefficiency in the conduct of discovery. *Id.*

The 55 cases now pending in district courts across the country all allege an illegal conspiracy to fix and maintain prices in violation of federal and state antitrust laws and consumer protection statutes (the "Packaged Ice Antitrust Cases"). *See* Exhibit A, Schedule of Related Actions, enclosed herewith.  All of the actions before the Judicial Panel on Multidistrict Litigation (the "Panel") are brought as class actions, asserting Sherman Act claims largely against the same Defendants – Reddy Ice Holdings, Inc., Reddy Ice Corp., Arctic Glacier Income fund, Arctic Glacier Inc., Arctic Glacier International Inc. and Home City Ice Co. – on behalf of overlapping nationwide classes of individuals and entities who paid artificially inflated prices for packaged ice.

In support of these claims, all the Packaged Ice Antitrust Cases complaints make similar factual allegations regarding the defendants' concerted efforts over a period of years to fix and maintain supracompetitive prices of packaged ice.  The disposition of each claim will therefore turn on adjudication of the same or similar issues and the same or similar alleged conduct.

Movants respectfully request that the Panel enter an order transferring all related actions to Southern District of California for consolidated pretrial proceedings pursuant to §1407. Accordingly, the Southern District of California is the most appropriate transferee venue.

## II.    ARGUMENT

### A.    These Actions Are Appropriate for Transfer and Consolidation for Coordinated Pretrial Proceedings Pursuant to §1407

The Panel may transfer and consolidate two or more civil cases for pretrial proceedings upon a determination that the cases "involv[e] one or more common questions of fact," transfer and consolidation would further "the convenience of parties and the witnesses," and transfer and consolidation will "promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a). As set forth herein, the pending cases clearly meet these criteria and should be transferred and consolidated for pretrial proceedings.

#### 1.    The Actions Involve One or More Common Questions of Fact

The first §1407 requirement – that the cases "involve[e] one or more common questions of fact" – is plainly met here. *Id.* The Packaged Ice Antitrust Cases assert that defendants are engaged in an ongoing conspiracy to allocate the markets and fix the price paid for their packaged ice at supracompetitive levels. The Packaged Ice Antitrust Cases all assert that but for the illegal, anticompetitive actions of the defendants, their packaged ice would be less expensive than they are; *i.e.*, that true competition amongst the defendants would result in lower prices paid by purchasers. Each case asserts that the actions of the defendants violate federal antitrust laws. Each complaint is based on factual allegations that the defendants illegally allocate the geographic market for and fix the price of their packaged ice.

#### 2.    Transfer and Consolidation Will Further the Convenience of the Parties and Witnesses

Transfer and consolidation of these actions will also serve "the convenience of parties and witnesses." 28 U.S.C. §1407(a). Movants anticipate that the plaintiffs in each action will seek to

depose many of the same individuals from the various defendants and the production of substantially the same documents. Without consolidation, there will ensue duplicative discovery demands and the possibility of inconsistent adjudication on a number of issues, including class certification. Defendants and plaintiffs will also incur the added expense of litigating the same claims in multiple jurisdictions at the direction of different courts with different schedules, case loads, availability and time constraints. Consolidation will solve this problem by enabling a single judge with all the parties present to formulate a pretrial plan that will minimize witness inconvenience and overall expense for all parties.

The savings in time and expense that will result from consolidation will benefit the plaintiffs as well as the defendants. *See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342, 1345 (J.P.M.L. 2006) (where cases involved common allegations of fuel surcharge price-fixing, "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary"); *In re Visa/Mastercard Antitrust Litig.*, 295 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("Centralization under Section 1407 is thus necessary to in order to avoid duplication of discovery . . . and conserve the resources of the parties, their counsel and the judiciary."); *In re Currency Conversion Fee Antitrust Litig.*, 162 F. Supp. 2d 691, 693 (J.P.M.L. 2001) (same); and *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

> **3.    Transfer and Consolidation Will Eliminate Duplicative Discovery and Prevent Conflicting Pretrial Rulings and Disparate Treatment of the Same Nationwide Class**

These cases should also be transferred and consolidated because it will "promote the just and efficient conduct of [the] actions." 28 U.S.C. §1407(a). Not only will consolidation promote

efficient case management by preventing duplicative discovery, but consolidation will also prevent conflicting pretrial rulings and facilitate uniform treatment of the class. Additionally, these cases will require that court to make the legal and factual determinations inherent to antitrust class actions.

Thus, the actions before this Panel pose a particularly acute danger of conflicting pretrial rulings and disparate treatment of a nationwide class by different courts. The Panel has made clear that where the issues involved are complex, consolidation is particularly appropriate. *See, e.g., In re First Nat'l Bank, etc.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidation appropriate in part because "[t]hese two actions arise from the same factual situation and share numerous complex questions of fact") and *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333, 336 (J.P.M.L. 1979) (consolidation is appropriate in part because "the record before us reveals that all actions share complex factual questions relating to an alleged price-fixing scheme").

The Panel has also frequently expressed the need for consolidation when there is a likelihood of inconsistent pretrial rulings at the summary judgment or class certification stages. *In re Morgan Stanley & Co.*, 471 F. Supp. 2d 1353, 1354 (J.P.M.L. 2006) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (observing that the Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists").

The various class actions assert overlapping claims on behalf of overlapping nationwide classes. Crucially, each action presents issues (such as when the Defendants contracted, combined or conspired to allocate the market and set the prices for packaged ice) that, if subject to different pretrial rulings, could result in disparate treatment of members of the same nationwide class.

-4-

Given the similarity of the proposed class and the claims presented by the proposed class, movants respectfully submit that the parties and the courts would benefit from having a single judge oversee the pre-trial process to avoid duplicative efforts and inconsistent rulings. *See, e.g., In re Washington Pub. Power Supply Sys. Sec. Litig.*, 568 F. Supp. 1250, 1251 (J.P.M.L. 1983) (centralization necessary where overlapping class certifications sought in all relevant actions); *In re Res. Exploration, Inc., Sec. Litig.*, 483 F. Supp. 817, 821 (J.P.M.L. 1980) ("An additional justification for transfer is the fact that most of the actions before us have been brought on behalf of similar or overlapping classes of purchasers of the limited partnerships.").

**B.    This Panel Should Transfer These Actions to the Southern District of California**

The Panel's determination of the appropriate venue in which to consolidate the pretrial proceedings in these related actions is similarly guided by §1407. Following this standard in the instant situation, the Southern District of California emerges as superior to the other districts in which related cases have been filed because it possesses a significant nexus to this litigation and best promotes and serves the convenience of the parties and witnesses and the just and efficient conduct of the actions. *See* 28 U.S.C. §1407(a).

**1.    The Southern District of California Is an Appropriate Forum for the Packaged Ice Antitrust Cases**

Two actions before this Panel are already pending in the Southern District of California where prices for the packaged ice are illegally set as the result of Defendants' antitrust conspiracy. The complaints in the other Packaged Ice Antitrust Cases now before the Panel make similar factual allegations regarding Defendants' conduct.

**2.    Transfer to the Southern District of California Serves the Interests of the Litigants**

The Southern District's San Diego division courthouse is a convenient location for the parties. San Diego is a major city served by all major airlines via numerous flights from cities across

the country. Indeed, San Diego is an almost uniquely convenient locale for a nationwide class action involving both defendants and proposed class representatives from all regions of the country. San Diego's business district is centrally located, hotels are plentiful, and the federal courthouse is less than four miles from its airport. As the Panel recently observed in *In re Jamster Mktg. Litig.*, 427 F. Supp. 2d 1366 (J.P.M.L. 2006):

> [T]he Southern District of California is an appropriate forum for this docket. This district i) provides an accessible metropolitan location that is equipped with the resources that this docket is likely to require, and ii) already hosts two of the three constituent actions (including the first filed action).

*Id.* at 1368. Hence, no party could show any hardship with regard to litigating in San Diego.

### 3. Transfer to the Southern District of California Would Best Promote the Just and Efficient Conduct of the Actions

Transfer of the related proceedings to the Southern District of California would also further the interests of the just and efficient conduct of the actions. The Southern District of California is well-qualified to handle cases of the size and complexity of the instant actions. As the Panel recently recognized in *Jamster Mktg.*, the Southern District of California is "equipped with the resources that this docket is likely to require." In sum, the District Court for the Southern District of California has experience and background required to handle the difficulties inherent in adjudicating this nationwide antitrust class action. *Id.* at 1368.

No single district stands out as the geographic focal point for this litigation. The complaints allege nationwide classes and the parties and witnesses are dispersed throughout the United States. *See In re StarLink Corn Prods. Liab. Litig.*, 152 F. Supp. 2d 1378, 1381 (J.P.M.L. 2001). The Southern District of California is the most appropriate venue because the movants and many other putative class members reside there, the district is convenient and readily assessable to the litigants, and California is a key market for packaged ice. *See id.* Indeed, California's large population and warm climate make it a focal point for the packaged ice industry, making California the *situs* of the most large-scale effects of defendants' supracompetitive pricing.

-6-

In addition, the Arctic Glacier defendants (Arctic Glacier Income fund, Arctic Glacier Inc., Arctic Glacier International Inc.) have a large California presence. In 2006, defendant Arctic Glacier, Inc. acquired six companies comprising California Ice, the packaged ice market leader in all of the most densely populated areas of California, including San Diego. The acquisitions enabled Arctic Glacier to become the largest packaged ice producer in California.

The ice industry in Southern California heated up even further in 2007, when Arctic Glacier acquired Kar Ice, with plants in Barstow and Lancaster, California. Founded in California in the early 1900s, Kar Ice has a long history in the California ice market. Also in 2007, Arctic Glacier acquired Union Ice, the Southern California packaged ice manufacturer that is the largest west coast producer of 300-pound blocks of ice.

Indeed, at least one defendant has described California as one of the most attractive regions in North America for packaged ice sales. The International Packaged Ice Association has described the Southern California packaged ice market as particularly lucrative. Thus, the District of Southern California is the best venue for this nationwide litigation about the packaged ice industry.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Panel enter an order consolidating the Packaged Ice Antitrust Cases together with any other similar actions subsequently filed or removed and transferring the cases to the Southern District of California for pretrial proceedings.

DATED:  April 23, 2008                 Respectfully submitted,

                                       COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
                                       PATRICK J. COUGHLIN
                                       DAVID W. MITCHELL
                                       MARY LYNNE CALKINS


                                       MARY LYNNE CALKINS

                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)

                                       SCOTT + SCOTT LLP
                                       CHRISTOPHER M. BURKE
                                       KRISTEN M. ANDERSON
                                       600 B Street, Suite 1500
                                       San Diego, CA  92101
                                       Telephone:  619/233-4565
                                       619/233-0508 (fax)

                                       SCOTT + SCOTT LLP
                                       WALTER W. NOSS
                                       12434 Cedar Road, Suite 12
                                       Cleveland Heights, OH  44106
                                       Telephone:  216/229-6088
                                       216/229-6092 (fax)

THE LAW OFFICES OF WILLIAM
   C. WRIGHT, P.A.
The Comeau Building
319 Clematis Street, Suite 109
West Palm Beach, FL 33401
Telephone: 561/514-0904
561/514-0905 (fax)

Attorneys for Plaintiff
Cobblestone Tequesta LLC

# EXHIBIT  A

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re PACKAGED ICE Antitrust<br>Litigation | )<br>)<br>) | MDL No. 1952 |

**SCHEDULE OF NEW ACTIONS**

Before the Judicial Panel on Multidistrict Litigation
MDL-1952 – *In re Packaged Ice Antitrust Litigation*

## SCHEDULE OF NEW ACTIONS[1]

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Karen Davis<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. California | 3:08cv-01937 | Judge Bernard Zimmerman |
| **Plaintiff:**<br>Cobblestone Tequesta LLC<br>**Movant:** Cobblestone Tequesta LLC<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Income Fund, Arctic Glacier, Inc., Arctic Glacier International, Inc., Home City Ice Company | S.D. California | 3:08cv-00656 | Judge Janis L. Sammartino |
| **Plaintiff:**<br>Jennin Gil<br>**Defendants:**<br>Arctic Glacier Income Fund, Arctic Glacier, Inc., Arctic Glacier International, Inc., Reddy Ice Holdings, Inc., Home City Ice Company | S.D. Florida | 1:08cv-21089 | Judge Patricia A. Seitz |

---

[1]    The complaints and docket sheets for each action are included in the attached Exhibits 1-18.

-1-

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Blue Ash Service Center, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company, Inc. | E.D. Michigan (Detroit) | 2:08cv-11387 | Judge Paul D. Borman |
| **Plaintiff:**<br>Higginbotham Oil Company, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Inc., Arctic Glacier Income Fund, Arctic Glacier International, Inc., Home City Ice Company | E.D. Michigan (Flint) | 4:08cv-11400 | Judge Paul V. Gadola |
| **Plaintiffs:**<br>Polly's Food Service, Incorporated, Kenco, Incorporated<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Income Fund, Arctic Glacier Incorporated, Arctic Glacier International, Inc., Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv-11420 | Judge Paul D. Borman |
| **Plaintiff:**<br>Donald K. Tomino d/b/a Crafton Beverage Center<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Inc., Arctic Glacier Income Fund, Arctic Glacier International Inc., Home City Ice Company, Inc. | E.D. Michigan (Flint) | 4:08cv-11438 | Judge Paul V. Gadola |
| **Plaintiff:**<br>Springfield Exxon, LLC<br>**Defendants:**<br>Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Reddy Ice Holdings, Inc., Home City Ice Company | E.D. Michigan (Detroit) | 2:08cv-11561 | Judge Paul D. Borman |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Roberta Wooten d/b/a Wooten's One Stop<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company Inc. | E.D. Michigan (Detroit) | 2:08cv-11575 | Judge Denise Page Hood |
| **Plaintiff:**<br>GRI, Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Reddy Ice Corporation, Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc. | E.D. Michigan (Detroit) | 2:08cv-11602 | Judge Paul D. Borman |
| **Plaintiff:**<br>Tahira Firdous d/b/a TFS Inc.<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. Minnesota | 0:08cv-01020 | Judge Patrick J. Schiltz |
| **Plaintiff:**<br>Meleen Corporation<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. Minnesota | 0:08cv-01025 | Judge John R. Tunheim |
| **Plaintiffs:**<br>Arkansas Garden Center West LLC, Arkansas Garden Center North LLC<br>**Defendants:**<br>Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. Minnesota | 0:08cv-01077 | Judge Richard H. Kyle |

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:** Ja-Way, Inc. d/b/a Palms Red & White **Defendants:** Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. Minnesota | 0:08cv-01090 | Judge Richard H. Kyle |
| **Plaintiff:** Juniata Mobil **Defendants:** Reddy Ice Holdings, Inc., Arctic Glacier Inc., Arctic Glacier International Inc., Home City Ice Company | N.D. Ohio (Cleveland) | 0:08cv-00859 | Judge Donald C. Nugent |
| **Plaintiff:** Mount Pocono Campground Inc. **Defendants:** Reddy Ice Holdings, Inc., Arctic Glacier Inc., Arctic Glacier International Inc., , Home City Ice Company | N.D. Texas (Dallas) | 3:08cv-00563 | Judge Jorge A. Solis |
| **Plaintiff:** Charlie Holland Motors Inc. **Defendants:** Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier International Inc., Reddy Ice Holdings, Inc., Home City Ice Company | N.D. Texas (Dallas) | 3:08cv-00576 | Judge Jorge A. Solis |
| **Plaintiff:** The Lanesville Food Mart Inc. **Defendants:** Reddy Ice Holdings, Inc., Arctic Glacier Income Fund, Arctic Glacier Inc., Arctic Glacier Int'l Inc., Home City Ice Company | N.D. Texas (Dallas) | 3:08cv-00607 | Judge Jorge A. Solis |

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

*In re Packaged Ice Antitrust Litigation*                    MDL - 1952

<u>PROOF OF SERVICE BY MAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on April 23, 2008, declarant served the COBBLESTONE TEQUESTA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION AND TRANSFER PURSUANT TO 28 U.S.C. §1407 COBBLESTONE TEQUESTA LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION AND TRANSFER PURSUANT TO 28 U.S.C. §1407 by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of April, 2008, at San Diego, California.

_____
CINDI J. LAMBERT

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1952 - IN RE: Packaged Ice Antitrust Litigation

Status: Pending on / /

Transferee District:                Judge:

Printed on 04/22/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Aranoff, Ronald J.<br>BERNSTEIN LIEBHARD & LIFSHITZ LLP<br>10 East 40th Street<br>22nd Floor<br>New York, NY 10016 | => Phone: (212) 779-1414 Fax: (212) 779-3218 Email: aranoff@bernlieb.com<br>Mazel LLC* |
| Artic Glacier California,<br>c/o CT Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 | =><br>Arctic Glacier California, Inc. |
| Asher, Steven A.<br>WEINSTEIN KITCHENOFF & ASHER LLC<br>1845 Walnut Street<br>Suite 1100<br>Philadelphia, PA 19103 | => Phone: (215) 545-7200 Fax: (215) 545-6535 Email: asher@wka-law.com<br>Elite Energy, LLC* |
| Barnett, Barry<br>SUSMAN GODFREY LLP<br>901 Main Street<br>Suite 5100<br>Dallas, TX 75202 | => Phone: (214) 754-1903 Fax: (214) 665-0832 Email: bbarnett@susmangodfrey.com<br>Drontle (dba Ponytail Catering), Rick*; Massino, Joseph*; Wilson Farms, Inc.* |
| Barnow, Ben<br>BARNOW & ASSOCIATES PC<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL 60602-4606 | => Phone: (312) 621-2000 Fax: (312) 641-5504 Email: b.barnow@barnowlaw.com<br>Valencia, Jenifer* |
| Blanchfield, Jr, Garrett D.<br>REINHARDT WENDORF & BLANCHFIELD<br>332 Minnesota Street<br>Suite E-1250<br>St. Paul, MN 55101 | => Phone: (651) 287-2100 Fax: (651) 287-2103 Email: g.blanchfield@rwblawfirm.com<br>G.M. Food & Fuel, LLC dba G.M. Food & Gas* |
| Bruckner, W. Joseph<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401-2179 | => Phone: (612) 339-6900 Fax: (612) 339-0981 Email: wjbruckner@locklaw.com<br>Kozak Enterprises, Inc.*; Thomas Beverage Co., Inc. dba Thomas Liquors* |
| Clobes, Bryan L.<br>CAFFERTY FAUCHER LLP<br>1717 Arch Street<br>Suite 3610<br>Philadelphia, PA 19103 | => Phone: (215) 864-2800 Fax: (215) 864-2810 Email: bclobes@caffertyfaucher.com<br>S&S Lima, Inc. dba Dry Run Beverage* |

*(Panel Attorney Service List for MDL 1.952 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Cohen, Jay S.
SPECTOR ROSEMAN & KODROFF PC
1818 Market Street
Suite 2500
Philadelphia, PA 19103

=>Phone: (215) 496-0300  Fax: (215) 496-6611  Email: JCohen@srk-law.com
  Emmanuel (dba 7-11 25452), Ethamma*

Evans, John C.
SPECTER SPECTER EVANS & MANOGUE PC
Koppers Bulding
436 Seventh Avenue
26th Floor
Pittsburgh, PA 15219

=>Phone: (412) 642-2300  Fax: (412) 642-2309  Email: jce@sscm.com
  Linco Distributing Co., Inc. dbu Beer Minimum*

Finkelman-Bennett, Natalie
SHEPHERD FINKELMAN MILLER & SHAH LLC
35 East State Street
Media, PA 19063

=>Phone: (610) 891-9880  Fax: (610) 891-9883  Email: nfinkelman@sfmslaw.com
  Khorchid (dba 7-Eleven), Chukrid*

Gittleman, Jeffrey B.
BARRACK RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

=>Phone: (215) 963-0600  Fax: (215) 963-0838  Email: jgittleman@barrack.com
  Melrick, Inc. dba North Main Short Stop*

Gordon, Ruthanne
BERGER & MONTAGUE PC
1622 Locust Street
Philadelphia, PA 19103-6365

=>Phone: (215) 875-3000  Fax: (215) 875-4604  Email: rgordon@bm.net
  Fu-Wah Mini Market*; Marchbanks Travel Service, Inc. dba Bear Mountain Travel Stop*

Grabar, Joshua H.
BOLOGNESE & ASSOCIATES LLC
Two Penn Center Plaza
1500 JFK Boulevard
Suite 320
Philadelphia, PA 19102

=>Phone: (215) 814-6750  Fax: (215) 814-6764  Email: jgrabar@bolognese-law.com
  823 Sproul Inc. dba Sproul Beverage*; Kraine (dba Joe's Beer Distributor), Joseph*

Greenberg, Roger B.
SCHWARTZ JUNELL GREENBERG & OATHOUT LLP
Two Houston Center
909 Fannin, Suite 2700
Houston, TX 77010

=>Phone: (713) 752-0017  Fax: (713) 752-0327  Email: rgreenberg@schwartz-junell.com
  Solid Waste, Ltd. dba Bayland Marina*

Kaplan, Robert N.
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
14th Floor
New York, NY 10022

=>Phone: (212) 687-1980  Fax: (212) 687-7714  Email: rkaplan@kaplanfox.com
  Chi-Mar Enterprises, Inc.*

Kilene, Jason S.
GUSTAFSON GLUEK PLLC

=>Phone: (612) 333-8844  Fax: (612) 339-6622  Email: jkilene@gustafsongluck.com
  Mall Mart, Inc. dba Midway BP*

*(Panel Attorney Service List for MDL 1,952 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

=>**Phone: (215) 567-6565  Fax: (215) 568-5872  Email: rliebenberg@finekaplan.com**
   Joseph Difabritis 7-11 Food Store #24428*

Liebenberg, Roberta D.
FINE KAPLAN & BLACK RPC
1835 Market Street
28th Floor
Philadelphia, PA 19103

=>**Phone: (212) 918-8271  Fax: (212) 918-3100  Email: slitvack@hhlaw.com**
   Home City Ice Co.*

Litvack, Sanford M.
HOGAN & HARTSON LLP
875 Third Avenue
New York, NY 10022

=>**Phone: (612) 339-6900  Fax: (612) 339-0981  Email: lockrra@locklaw.com**
   Americana Food Store, Inc.; Public Foods, Inc.; Twin Valvue, LLC dba Seaway Marketplace

Lockridge, Richard A.
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

=>**Phone: (619) 237-1212  Fax: (619) 237-0325  Email: mam@tmslaw.com**
   Barranco-Grams, Jan*

Maasch, Mark A.
TURNER & MAASCH
550 West C. Street
Suite 1150
San Diego, CA 92101

=>**Phone: (202) 879-3939  Fax: (202) 626-1700  Email: jmajoras@jonesday.com**
   Arctic Glacier Income Fund*; Arctic Glacier International, Inc.*; Arctic Glacier, Inc.*

Majoras, John M.
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

=>**Phone: (214) 743-4500  Fax: (214) 743-4545  Email: jr.nelson@dlapiper.com**
   Reddy Ice Corp.*; Reddy Ice Holdings, Inc.*

Nelson, James R.
DLA PIPER US LLP
1717 Main Street
Suite 4600
Dallas, TX 75201-4605

=>**Phone: (248) 841-2200  Fax: (248) 652-2852  Email: mjo@millerlawpc.com**
   Circle Beer & Beverage, Inc. tdba Duffy's Pop & Beer Warehouse*

Olijnyk, Martha J.
MILLER LAW FIRM
300 Miller Building
950 West University Drive
Rochester, MI 48307

=>**Phone: (415) 447-1651  Fax: (415) 346-0679  Email: jpatane@tatp.com**
   Marin Scotty's Market, Inc.*

Patane, Joseph M.
LAW OFFICES OF JOSEPH M PATANE
2280 Union Street
San Francisco, CA 94123

=>**Phone: (212) 907-0700  Fax: (212) 818-0477  Email: hsalzman@labaton.com**
   Baron Group, Inc. (The) dba Baron's Ice House*; Ridge Plaza, Inc.*; Silver Springs Liquor, Inc.*;

Salzman, Hollis L.
LABATON SUCHAROW LLP

*(Panel Attorney Service List for MDL 1,952 Continued)*

---

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

---

140 Broadway, 33rd Floor
New York, NY 10005

Thrifty Liquor, Inc.*

Scott, Daniel B.
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

=>Phone: (610) 642-8500  Fax: (610) 649-3633  Email: danielscott@chimicles.com
Y&R's, Inc.*

Sedran, Howard J.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, PA 19106

=>Phone: (215) 592-1500  Fax: (215) 592-4663  Email: hsedran@lfsblaw.com
Five Angels Management dba Frank A. Smith Beverages*

Shub, Jonathan
SEEGER WEISS LLP
1515 Market Street
Suite 1380
Philadelphia, PA 19102

=>Phone: (215) 564-2300  Fax: (215) 851-8029  Email: jshub@seegerweiss.com
RSB Wellman Co., Inc. aka Twig's Carry Out*

Veselka, Larry R.
SMYSER KAPLAN & VESELKA
Bank of America Center
700 Louisiana, Suite 2300
Houston, TX 77002

=>Phone: (713) 221-2325  Fax: (713) 221-2320  Email: lveselk@skv.com
Blasingame, Rodney*

Wayne, Richard S.
STRAUSS & TROY
The Federal Reserve Building
150 East Fourth Street
4th Floor
Cincinnati, OH 45202

=>Phone: (513) 621-2120  Fax: (513) 629-9426
Champs Liquors, Inc.

Zylstra, Kendall S.
FARUQI & FARUQI
2600 Philmont Avenue
Suite 324
Huntingdon Valley, PA 19006

=>Phone: (215) 914-2460  Fax: (215) 914-2462  Email: kzylstra@faruqilaw.com
F&V Oil Co., Inc.*; Lansdale Oil Co., Inc.*; VB & FS Oil Co.*; Warrington Fuels, Inc.*

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

*In re Packaged Ice Antitrust Litigation*          MDL - 1952

PROOF OF SERVICE BY MAIL  (Relevant District Courts)

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

United States District Court
Southern District of California
880 Front Street, Ste. 4290
San Diego, CA 92101-8900

United States District Court
Southern District of Florida
301 North Miami Avenue
Miami, FL 33128

United States District Court
Eastern District of Michigan (Flint)
600 Church Street
Flint, Michigan 48502

United States District Court
Eastern District of Michigan (Detroit)
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, Michigan 48226

United States District Court
Northern District Minnesota
417 Federal Building
515 W. 1st Street
Duluth, MN 55802-1397

United States District Court
Northern District of Texas
1100 Commerce Street, Rm 1452
Dallas  TX  75242-1003

United States District Court
Northern District of Ohio (Cleveland)
801 West Superior Avenue
Cleveland, Ohio 44113